# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELSON DEBARROS, | ) )  ) |
| Plaintiff, | ) ) Civil Action No. ) 18-10265-FDS |
| v. | ) ) |
| AREAS USA BOSTON, LLC; AREAS USA INC.; SERGIO RODRIGUEZ; MICHAEL FRANK; JESSICA DOE; and MARGARITA NUNEZ, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

This is an action arising from an employment dispute. In 2013, plaintiff Elson DeBarros was terminated from his position as a cook in a restaurant owned and operated by Areas USA Boston, LLC ("Areas USA Boston"). In another action pending before this Court, DeBarros brought claims for disability discrimination and retaliation under the Americans with Disabilities Act against Areas USA Boston and his former supervisor, Michael Frank. After mediation, the parties reached a settlement. However, DeBarros refused to comply with the settlement agreement, and the Court dismissed that action on April 20, 2018.

DeBarros has brought a separate suit in state court against Areas USA Boston and Frank, along with several new defendants, including the parent company, Areas USA, Inc. ("Areas USA"); Sergio Rodriguez, the company CEO; and Margarita Nunez, a company human resources officer. Defendants have removed that action to this Court. The new complaint

restates the retaliation claim and asserts new state-law claims for defamation and libel. Defendants have moved to dismiss the complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. For the reasons stated below, the motion will be granted in part and denied in part.

## I. Background

### A. Factual Background

The facts are set forth as described in the complaint.

Elson DeBarros is a resident of Rhode Island. (Compl. ¶ 1). On June 2, 2011, he interviewed for a position at Vinea Restaurant at Logan Airport in Boston, Massachusetts. (*Id.* ¶ 10). According to the complaint, he spoke with the then-General Manager of the restaurant, Steve Barnett, and told him that he had suffered back injuries in November 2007 that required ongoing medical treatment. (*Id.* ¶¶ 9-10). Barnett nevertheless hired him as a full-time employee. (*Id.* ¶ 11).[1]

Areas USA is a national food, beverage, and retail services provider that is incorporated in Florida and headquartered in Miami. (*Id.* ¶ 7). Areas USA Boston is a wholly owned subsidiary of Areas USA that owns and operates the Vinea Restaurant at the airport. (*Id.* ¶ 6).

In March 2012, Michael Frank became the new General Manager at Vinea Restaurant. (*Id.* ¶ 12). The complaint alleges that the following month, DeBarros was informed by his physician that he would require physical therapy twice a week for some time and that he should refrain from lifting and carrying heavy items. (*Id.* ¶ 13). His physician, Dr. Anthony Lee of the New England Baptist Hospital Spine Center, wrote a letter addressed to restaurant management

---

[1] The complaint does not explicitly state DeBarros's occupation. However, it appears that he was a line cook.

stating these restrictions. (*Id.*). The letter was provided to Frank on May 2, 2012. (*Id.* ¶ 14).

On May 11, 2012, the restaurant manager, Dave Scholman, requested that DeBarros work the next day. (*Id.* ¶ 18).[2] According to the complaint, however, DeBarros had physical therapy scheduled that day, and declined. (*Id.* ¶ 19). Frank stated that Dr. Lee's letter did not provide the scheduled dates and times for DeBarros's physical therapy, and requested proof. (*Id.*). DeBarros received a letter from his primary-care physician, Dr. Nivedita Ghosh, stating that he was scheduled for physical therapy on Tuesdays and Saturdays for at least 12 weeks. (*Id.* ¶ 19).[3] The complaint alleges that DeBarros provided Dr. Ghosh's letter to Frank on May 23, 2012. (*Id.* ¶ 20).

A meeting was then convened to discuss DeBarros's medical condition. (*Id.*). According to the complaint, during the meeting, Frank stated that DeBarros would no longer have to work Saturdays, but that he would be demoted to dishwasher due to his back problems. (*Id.* ¶ 21). DeBarros objected, and Frank agreed to refrain from demoting him. (*Id.*). However, the following week, DeBarros's hours were reduced and Frank hired a new cook. (*Id.* ¶ 22). The complaint alleges that Frank engaged in "hostile and derogatory" conduct towards DeBarros and subjected him to "routine verbal harassment regarding [his] injuries." (*Id.* ¶¶ 23-24).

According to the complaint, on December 26, 2012, DeBarros was denied permission from his supervisor, "Jessica Doe," to discard expired food. (*Id.* ¶ 25). This caused DeBarros to report the restaurant to health inspectors, who came and cited the restaurant for four "foodborne illness factors and intervention violations" and "seven non-critical violations." (*Id.* ¶ 26). The complaint alleges that in retaliation, Frank verbally berated DeBarros and forced him to use a

---

[2] The complaint does not include a paragraph 16 or paragraph 17.

[3] There are two paragraphs labeled paragraph 19. This cite refers to the second "paragraph 19."

3

degreaser to which he was allergic. (*Id.* ¶¶ 27-28). The degreaser allegedly caused a severe allergic reaction that required him to take three days off work in early January 2013, and Dr. Ghosh wrote a note stating that DeBarros could return to work on January 8. (*Id.* ¶¶ 29-30). That day, supervisor Soraya Sheehan allegedly refused to let him return to the restaurant's premises. (*Id.* ¶ 31).[4]

According to the complaint, on January 11, 2013, DeBarros again attempted to return to the restaurant. (*Id.* ¶ 33). He provided another note from Dr. Ghosh stating that he was cleared to return to work. (*Id.*). Sheehan stated that the note lacked specifics about work restrictions and refused to authorize his return to work. (*Id.* ¶ 34).

Four days later, on January 15, 2013, DeBarros filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") alleging discrimination on the basis of disability. (*Id.* ¶ 35).

On January 18, 2013, DeBarros contacted the human resources department of Areas USA to ask how to file a worker's compensation claim concerning his injuries from the allergic reaction. (*Id.* ¶ 36). According to the complaint, a representative stated that the company did not have any report of an injury on file. (*Id.*). The following week, human resources officer Margarita Nunez stated that she could not provide information regarding DeBarros's work status until she could speak with Frank. (*Id.* ¶ 37).[5]

According to the complaint, on February 5, 2013, Nunez told DeBarros that he needed to provide a more specific note from a physician clearing his return to work. (*Id.* ¶ 38). He obtained a third note from Dr. Ghosh, and provided the note to human resources. (*Id.*).

---

[4] DeBarros alleges that he is unable to identify "Jessica Doe."

[5] It appears that Rodriguez and Nunez worked in the Florida headquarters of Areas USA.

However, on March 11, 2013, he was informed by Nunez that he had been terminated. (*Id.* ¶ 39). The next day, he received a text message from Frank directing him to turn in his security badge. (*Id.* ¶ 40). The complaint alleges that Frank refused to discuss the reason for his termination. (*Id.*).

On April 8, 2013, DeBarros filed another complaint with MCAD, alleging retaliation in violation of Massachusetts state law and the Civil Rights Act of 1964. (*Id.* ¶ 42). Areas USA Boston filed a MCAD position statement in June 2013 representing that on January 8, 2013, DeBarros had "created a threatening environment by shoving chairs and banging them on the ground." (*Id.* ¶ 43). The complaint further alleges that Frank falsely stated that DeBarros had temper issues; for example, Frank represented that DeBarros had "stabbed a five-gallon container of soap for no apparent reason." (*Id.* ¶¶ 45-46).

According to the complaint, DeBarros was unemployed for more than a year after losing his position at Vinea Restaurant. (*Id.* ¶ 51). He was evicted from his living situation with his relatives, and developed a bad reputation with them for not paying debts. (*Id.*). The complaint alleges that in June 2016, Frank and Areas USA CEO Sergio Rodriguez provided a bad reference, including false statements, that caused him to lose out on a prospective job. (*Id.* ¶ 52). In February 2017, DeBarros was allegedly denied employment at the Pabu Boston Restaurant because of a bad reference from an unidentified individual at Areas USA. (*Id.* ¶ 53).

### B. Procedural Background

On December 30, 2015, DeBarros filed a complaint in this Court (No. 15-cv-14248-FDS) against Areas USA Boston alleging disability discrimination and retaliation in violation of the ADA. On January 9, 2017, with the consent of both parties, the Court referred that matter to mediation before Judge Edward Harrington. The mediation was held on March 13, 2017, and

DeBarros was represented by counsel. Following the mediation, Judge Harrington reported that the case had settled, and on March 15, 2017, the Court entered a settlement order of dismissal.

On April 14, 2017, DeBarros filed a motion *pro se* seeking relief from the order of dismissal. The Court denied the motion for relief and entered an order enforcing the settlement agreement on July 25, 2017.

In the interim, DeBarros had filed another action in this Court (No. 17-cv-11095-FDS) against Areas USA Boston and other defendants on June 12, 2017, alleging claims of defamation and retaliation. At the time, DeBarros was a resident of Massachusetts. However, because DeBarros sought to invoke diversity jurisdiction under 28 U.S.C. § 1332 and at least one defendant was a Massachusetts citizen, on July 14, 2017, the Court dismissed the action for lack of subject-matter jurisdiction.

On December 8, 2017, counsel for Areas USA Boston reported that DeBarros, in defiance of the Court's July 25, 2017 order, was still refusing to comply with the settlement agreement from the first case. At a status conference on February 7, 2018, the Court ordered DeBarros to comply with the settlement agreement or the matter would be dismissed. DeBarros did not comply, and Areas USA Boston filed a motion to dismiss on February 23, 2018. The Court granted that motion on April 20, 2018, and dismissed the case.

On January 25, 2018, DeBarros filed the present action in the Suffolk County Superior Court. The complaint asserts claims for defamation and libel stemming from defendants' conduct in the earlier litigation and from his negative employment references. It also asserts a claim for retaliation in under Mass. Gen. Laws ch. 149 and Mass. Gen. Laws ch. 151. Defendants received a copy of the complaint on February 8, 2018. (Not. of Removal ¶ 5). They

timely removed the action to this Court on February 9, 2018.[6] Defendants have moved to dismiss the complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

## II. Defendants Rodriguez and Nunez's Motion to Dismiss Under Rule 12(b)(2)

The plaintiff bears the burden of establishing that the court has personal jurisdiction over defendants. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). In considering a motion to dismiss under Rule 12(b)(2), the court may employ several standards to assess whether plaintiff has carried that burden: the "prima facie" standard; the "preponderance-of-the-evidence" standard; or the "likelihood" standard. *See id.* at 51 n.5; *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145-46 (1st Cir. 1995). Where, as here, the court is called to make that assessment without first holding an evidentiary hearing, the prima facie standard is applied. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's] jurisdictional claim." *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (citing *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)). A plaintiff may not "rely on unsupported allegations in [its] pleadings." *Id.* (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)). "Rather, [the plaintiff] must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists." *Id.* (quoting *Foster-Miller*, 46 F.3d at 145). Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007)).

---

[6] Plaintiff is now a resident of Rhode Island, and accordingly there is complete diversity among the parties.

7

To establish personal jurisdiction, the plaintiff must show that the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, are satisfied, and that the exercise of jurisdiction is consistent with constitutional due process. *Daynard*, 290 F.3d at 52; *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005). Due process requires that a plaintiff alleging specific personal jurisdiction establish the existence of three conditions:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Phillips*, 530 F.3d at 27) (alterations omitted).

The Court's exercise of personal jurisdiction over defendant Nunez would not comport with constitutional due process. There are no allegations that she had any contact with the forum state or that she had done anything to personally purposefully avail herself of the benefits of conducting business in Massachusetts. The complaint only alleges that plaintiff had spoken with Nunez on three occasions concerning his employment status. (Compl. ¶¶ 37-39). Considered as a whole, there are not minimum contacts with the state such that the exercise of personal jurisdiction over her would be reasonable.

The exercise of personal jurisdiction over defendant Rodriguez is similarly unreasonable. In *Keeton v. Hustler Magazine, Inc.*, the Supreme Court stated that a defendant could be subject to personal jurisdiction for libelous statements in any jurisdiction where the offending material is published. 465 U.S. 770, 777 (1984). When determining whether personal jurisdiction exists, a district court should consider the relationship between "the defendant, the forum, and the

litigation." *Id.* at 775.  However, "the dictates of due process demand that a court's assertion of *in personam* jurisdiction comport with considerations of fair play and substantial justice." *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 212 (1st Cir. 1994).  Here, the complaint merely alleges that Rodriguez provided a bad employment reference that included false statements; it does not allege (1) whether the reference was directed to an employer in Massachusetts, Rhode Island, or some other state, and (2) whether Rodriguez made the statement on his own initiative or in response to an unsolicited phone call from a prospective employer.[7]  Under the circumstances, it "hardly seems fair" to compel a Florida resident "to defend a tort suit in a court [1,500] miles away." *Id.* (finding personal jurisdiction over California defendant unreasonable where the alleged defamatory statement occurred "in the course of a single unsolicited telephone call").  Under the circumstances, the exercise of jurisdiction over Rodriguez would not accord with "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945).

The Court therefore lacks personal jurisdiction over defendants Rodriguez and Nunez, and all claims against them will be dismissed.

## III.     Defendants' Motion to Dismiss Under Rule 12(b)(6)

### A.     Legal Standard

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual

---

[7] It is highly unlikely that Rodriguez, as CEO of a major national corporation, would personally provide an employment reference for a line cook.

9

allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## B.   Analysis

### 1.   Count One—Libel and Defamation

Count One asserts a claim for libel and defamation. The claim stems from defendants' purported false statements in three contexts: (1) an Areas USA Boston position statement filed with the MCAD; (2) the answer of Areas USA Boston in case no. 15-cv-14248-FDS (Compl. ¶ 61); and (3) negative job references made by Frank and Rodriguez, (*Id.* ¶¶ 62-64). As a preliminary matter, "[u]nder Massachusetts law, 'defamation . . . encompasses libel and slander.'" *Hi-Tech Pharm., Inc. v. Cohen*, 277 F. Supp. 3d 236, 242 n.3 (D. Mass. 2016) (quoting *HipSaver Inc. v. Kiel*, 464 Mass. 517, 522 (2013)). Accordingly, the Court will address the defamation and libel claims in tandem.

Defendants contend that the absolute-litigation privilege and conditional-employer privilege require dismissal of the claim. *See Martinez v. New England Med. Ctr. Hops., Inc.*, 307 F. Supp. 2d 257, 268 (D. Mass. 2004) ("Massachusetts . . . recognizes both absolute and conditional privileges to a defamation claim."). The Supreme Judicial Court has stated that

"[w]e have hitherto held that statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding." *Sriberg v. Raymond*, 370 Mass. 105, 108 (1976); *see also Visnick v. Caufield*, 73 Mass. App. Ct. 809, 812 (2009). "The privilege extends to circumstances where the statements are made preliminary to a proposed or contemplated judicial proceeding as long as they bear some relation to the proceeding." *Fisher v. Lint*, 69 Mass. App. Ct. 360, 366 (2007). The privilege also protects statements in proceedings "sufficiently judicial in nature," such as MCAD proceedings. *Visnick*, 73 Mass. App. Ct. at 813. Therefore, the absolute litigation privilege bars plaintiff from asserting a defamation and libel claim based on alleged false statements in the MCAD position statement and pleadings in earlier litigation.

The Supreme Judicial Court has also stated that "Massachusetts courts have recognized that a person may possess a conditional privilege to publish defamatory material if the publication is reasonably necessary to the protection or furtherance of a legitimate business interest." *Bratt v. IBM Corp.*, 392 Mass. 508, 512-13 (1984). In the employment context, "an employer who provides a reference to a potential employer is also protected by the conditional privilege." *Martinez*, 307 F. Supp. 2d at 269 (citing *Mulgrew v. City of Taunton*, 410 Mass. 631, 634 (1991)). However, the conditional privilege is lost when the defendant "acted with actual malice" or engaged in "unnecessary, unreasonable or excessive publication" and plaintiff "establishes that the defendant published the defamatory information recklessly." *Mulgrew*, 410 Mass. at 634.

Defendants contend that plaintiff "has not alleged any facts to support that the alleged defamatory statements were recklessly made to prospective employers." (Mem. in Supp. at 11). But assuming, as the Court must, that plaintiff's allegations are true, his claim is that defendants

lied about his temperament and competency to potential employers to retaliate against him for reporting health violations. (Compl. ¶¶ 52-53). Under the circumstances, and in light of plaintiff's *pro se* status, that is sufficient to allege that defendants acted with "actual malice" and "published the defamatory information recklessly" such that the conditional privilege is defeated. Therefore, the motion to dismiss the defamation and libel claim based on negative employment references will be denied.

### 2. Count Two—Retaliation

Count Two asserts a claim for retaliation under Mass. Gen. Laws ch. 149, § 148A and Mass. Gen. Laws ch. 151, § 19(1), (5). It alleges that plaintiff was terminated from his position because defendants sought to punish him for reporting food-safety problems to health inspectors. (Compl. ¶ 69). However, Mass. Gen. Laws ch. 149, § 150, provides in relevant part:

> An employee claiming to be aggrieved by a violation of [Mass. Gen. Laws ch. 149, § . . . 148A . . . or Mass. Gen. Laws ch. 151, § 19] may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and *within 3 years after the violation*, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits.

(emphasis added). *See also George v. Nat'l Water Main Cleaning Co.*, 477 Mass. 371, 374 n.5 (2017). The complaint alleges that plaintiff was wrongfully terminated in March 2013, nearly five years before filing the present suit. In addition, the complaint does not allege that plaintiff first brought his retaliation claim to the state attorney general as required by statute. Accordingly, the retaliation claim is time-barred and must be dismissed.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part as follows:

12

1. The motion to dismiss is granted as to defendants Rodriguez and Nunez for lack of personal jurisdiction;

2. The motion to dismiss is granted as to Count One (defamation and libel) to the extent it asserts claims arising out of defendants' MCAD position statement and pleadings in earlier litigation, but is otherwise denied; and

3. The motion to dismiss is granted as to Count Two (retaliation).

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: April 20, 2018       United States District Judge