# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELSON DEBARROS, <br><br> Plaintiff, <br><br> v. <br><br> AREAS USA BOSTON, LLC; AREAS USA INC.; MICHAEL FRANK; and JESSICA DOE, <br><br> Defendants. | Civil Action No. <br> 18-10265-FDS |

## ORDER ON PLAINTIFF'S RULE 54(b) MOTION OR FOR CERTIFICATION FOR APPEAL

SAYLOR, J.

This is a case arising out of an employment dispute. Plaintiff Elson DeBarros has moved pursuant to Fed. R. Civ. P. 54(b) for entry of partial judgment in order to take an interlocutory appeal of an order of the Court. In the alternative, plaintiff seeks a certification pursuant to 28 U.S.C. § 1292(b) to permit him to take such an appeal.

Plaintiff seeks to appeal a Memorandum and Order issued on April 20, 2018. At the time, he was proceeding *pro se*, although he is now represented by counsel. In its April 20 order, the Court dismissed the claims against defendants Sergio Rodriguez and Margarita Nunez for lack of personal jurisdiction and some (but not all) of the claims against defendant Areas USA Boston, LLC for failure to state a claim upon which relief can be granted. Plaintiff now seeks, in substance, to appeal that decision.

Fed. R. Civ. P. 54(b) states as follows: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment

as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The rule reflects the "long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988). In keeping with that policy, "entry of judgment under the rule should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Id.* Rather, "Rule 54(b) should be employed with great circumspection." *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318 n.3 (1st Cir. 2009); *see Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012) ("Rule 54(b) should be applied sparingly."). It is "designed to be used where the problem and circumstances are of an exceptional nature, . . . in order to avoid some perceptible danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Village West Assocs. v. Rhode Island Housing & Mortg. Finance Corp.*, 641 F. Supp. 2d 135, 137 (D.R.I. 2009) (internal quotation marks omitted) (quoting *Walden v. City of Providence*, 450 F. Supp. 2d 172, 174 (D.R.I. 2006)).

Here, plaintiff has not attempted to demonstrate any unusual danger of hardship or injustice if separate judgment does not issue, and no such danger is manifestly evident. Accordingly, the Court will follow the normal practice of withholding final judgment until all claims have been resolved. The Court will deny plaintiff's motion without prejudice, and judgment shall not enter against defendants on any claims until the case has been adjudicated as to the remaining defendant. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *see also* Fed. R. Civ. P. 54(b).

Plaintiff has also requested an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Under § 1292(b), otherwise unappealable district court orders may be certified for interlocutory appeal, subject to the court's discretion, if (1) the order sought to be appealed "involves a

controlling question of law"; (2) "there is substantial ground for difference of opinion" regarding that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

An interlocutory appeal requires "exceptional circumstances." *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984); *see also* 16 Wright & Miller, Fed. Prac. and Proc. § 3929 at 435 and n.16 (2012) (stating that interlocutory appeal is normally reserved for complex cases to avoid protracted and expensive litigation, such as antitrust matters). Even assuming that the Court's April 20, 2018 order involved a controlling question of law, plaintiff has not shown a "substantial ground" for difference of opinion regarding that question. A substantial ground for difference of opinion exists "about an issue when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting *McGillicuddy*, 746 F.2d at 76 n.1). Here, plaintiff has not even suggested that a difference of opinion exists.

For the foregoing reasons, the motion for entry of partial judgment is DENIED without prejudice to its renewal at an appropriate time, and the motion for certification of an interlocutory appeal is DENIED.

**So Ordered.**

Dated: July 23, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

3